**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| EDWIN RODRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent,<br>Plymouth County Correctional Facility,<br>et al.<br><br>    Respondents. | Civil Action No.<br>26-13241-BEM |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

Petitioner Edwin Rodriguez ("Petitioner") filed a petition for a writ of habeas corpus challenging his detention pursuant to a 2015 final order of removal. For the reasons set forth below, the Court will grant his petition and order him immediately released.

## I.     Background

The facts underlying this petition are not in dispute. Petitioner is a Guatemalan citizen who entered the United States without inspection in 2005. Dkt. 1 ¶ 1. He was issued a Notice to Appear on July 24, 2014, and was ordered removed *in absentia* on March 18, 2015.[1] *See* Dkts. 13-2, 13-3. Petitioner was purportedly unaware of his final removal order until his arrest on July 10, 2026. Dkt. 1 ¶ 3. Petitioner has been detained at Plymouth County Correction Facility since his arrest, though Respondents have indicated their intent to transfer Petitioner to Louisiana as soon as the

---

[1] The Notice to Appear lacked a date or time of the hearing at which Petitioner was ordered to appear, Dkt. 13-3 at 1, and Petitioner was purportedly never provided adequate notice of the hearing, Dkt. 1 ¶ 3. Petitioner has expressed an intent to "imminently seek to reopen these proceedings at the Immigration Court." *Id.*

Court lifts its stay order and remove him to Guatemala shortly thereafter.  Dkt. 14 at 1; *see also* Dkt. 14-1 ¶ 8.  Petitioner filed this petition on July 14, 2026, arguing that his detention violates his due process rights under the Fifth Amendment and right to be free from unreasonable search and seizure under Fourth Amendment.  Dkt. 1 ¶¶ 29–38.

## II.    Jurisdiction

Respondents argue that this Court lacks jurisdiction to "to review Petitioner's removal order or the process he has received to this point" in light of the jurisdiction-stripping provision of the Immigration and Nationality Act ("INA").  Dkt. 14 at 12–13 (citing 8 U.S.C. § 1252).  However, Petitioner challenges the legality of his detention, and "[a] challenge to the legality of detention is distinct from a challenge to the government's discretionary decision to execute a removal order and therefore is not barred by 8 U.S.C. § 1252(g)."  *Rosales v. Hyde*, No. 26-cv-13193, Dkt. 14 at 2 (D. Mass. July 20, 2026) (citing *Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023)).

## III.    Discussion

### A.    Section 1231(a)

Detention of noncitizens is governed by 8 U.S.C. § 1231(a).  The government is required to remove a noncitizen within 90 days (termed the "removal period").[2]  8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision."  *Id.* § 1231(a)(3) ("section 1231(a)(3)").  Alternatively, a noncitizen "who is inadmissible under section 1182 . . . , may be detained beyond the removal

---

[2] The "removal period" generally begins on the date the order of removal becomes administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

period and, if released, shall be subject to the terms of supervision in [section 1231(a)(3)]." *Id.* § 1231(a)(6) ("section 1231(a)(6)").

Respondents contend that Petitioner is subject to detention under section 1231(a)(6) and that "any argument that detention violates Section 1231(a)(6) because he was not previously detained . . . is without merit as such requirements are not contained within the statutory provision." Dkt. 14 at 9. However, section 1231(a)(6) provides that some categories of noncitizens "may be detained *beyond* the removal period" and contemplates release of noncitizens *already* detained. 8 U.S.C. § 1231(a)(6) (emphasis added); *see also Diallo v. Joyce*, 817 F. Supp. 3d 202, 205 (S.D.N.Y. 2025). Therefore, this Court "joins multiple courts that have found that this section applies to individuals originally detained during the 90-day removal period, whose detention may be extended beyond the 90 days, and does not apply to an initial detention occurring after the removal period has ended." *Da Silva Lima v. Wesling*, No. 26-cv-12266, Dkt. 19 at 6 (D. Mass. May 27, 2026) (collecting cases); *see Melgar-Melgar v. Moniz*, No. 26-cv-12410, Dkt. 15 (D. Mass. June 10, 2026). "Accordingly, detention under 8 U.S.C. § 1231(a)(6) is not applicable here where Petitioner was never detained during the removal period." *Da Silva Lima*, No. 26-cv-12266, Dkt. 19 at 7.

### B.    Revocation of Release

Nor is Petitioner's detention lawful as a revocation of a prior release. Under the relevant regulations, DHS may revoke an order of supervision ("OSUP") if an official in the exercise of their discretion determines:

> (i) [t]he purposes of release have been served; (ii) [t]he alien violates any condition of release; (iii) [i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien; or (iv) [t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

3

8 C.F.R. § 241.4(*l*)(2).  Notably, however, these regulations also afford noncitizens procedural protections, including that noncitizens must be notified of the reasons for the revocation and must be granted an initial informal interview "to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."  *Id.* § 241.4(*l*)(1).  Even here, where Petitioner was never subject to an OSUP, such protections apply.

The Court borrows from the thoughtful reasoning of another court in this District on this point:

> Respondents failed to detain Petitioner during the 90-day removal period as required by statute.  Following the removal period, while Petitioner was not detained, Respondents did not place Petitioner under an OSUP.  Now, [eleven] years later, Respondents seek to exercise their discretion to detain Petitioner pursuant to § 1231(a)(6).  It cannot be, however, that where the government failed to abide by statutory requirements earlier, that Respondents can now bypass the procedural protections Petitioner would have been entitled to if the government had followed the law in the first place.  That is to say, the government cannot now reap the benefits of its own failure to place Petitioner under an OSUP, as it was required to do. . . .
>
> Nor can it be the case that a noncitizen would have less protection when the government fails to follow any of its procedures than he or she would had the government followed the law.  Accordingly, at minimum, when Respondents detained Petitioner he was entitled to the protections he would have received had he been detained pursuant to the revocation of an OSUP.

*Da Silva Lima*, No. 26-cv-12266, Dkt. 19 at 8; *see also Rosales*, No. 26-cv-13193, Dkt. 14 at 3 ("Petitioner was entitled to the basic procedural protections outlined in 8 C.F.R. §§ 241.4 and 241.3 before ICE revoked that liberty interest.  Consistent with my prior decisions, and other decisions in this district, where the Department of Homeland Security ("DHS") previously released an individual with an OSUP *or following expiration of the removal period*, Respondents cannot simply disregard the regulatory procedures governing re-detention." (emphasis added)); *Melgar-Melgar*, No. 26-cv-12410, Dkt. 15 (similar).  Nothing in the record suggests that Petitioner was provided an explanation of the reasons for the revocation or an opportunity for an initial

informal interview.  Accordingly, Petitioner's detention is not authorized by the regulations governing revocations of orders of supervision.

### C.    Release

As noted above, section 1231(a)(3) provides for release under supervision after the 90-day removal period expires where, as here, the noncitizen "does not leave or is not removed within the removal period."  8 U.S.C. § 1231(a)(3).  Accordingly, as directed by section 1231(a)(3), the Court orders Petitioner's release under supervision pursuant to an OSUP.  *See Da Silva Lima*, No. 26-cv-12266, Dkt. 19 at 10; *see also Rosales*, No. 26-cv-13193, Dkt. 14 at 5 ("Respondents have failed to demonstrate compliance with the statutory and regulatory procedures governing Petitioner's detention.  The appropriate remedy is release, under reasonable conditions pending further proceedings.").

### IV.    Conclusion

For the foregoing reasons, the petitioner for a writ of habeas corpus is GRANTED. Respondents shall release Petitioner under an Order of Supervision no later than 5:00 p.m. today, July 23, 2026.  Respondents are not permitted to re-detain Petitioner absent compliance with the applicable statutory and regulatory procedures.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: July 23, 2026                Judge, United States District Court